UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MAURICE LAURISTON,
an individual,

    Plaintiff,

v.

CHICK N' TREATS OF CORAL SPRINGS, INC.,
a Florida profit corporation;
D L – CHICK N' TREATS, INC.,
a Florida profit corporation; and
BONNIE LAU, an individual,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, MAURICE LAURISTON, ("LAURISTON"), by and through his undersigned counsel, files this Complaint against Defendants, CHICK N' TREATS OF CORAL SPRINGS, INC., a Florida profit corporation; D L – CHICK N' TREATS, INC., a Florida profit corporation, (the corporate entities collectively, "CHICK N' TREATS"); and BONNIE Y. LAU, an individual; (all Defendants collectively, "Defendants"), and states as follows:

### **INTRODUCTION**

1. This is a proceeding against Defendants for monetary damages to redress the deprivation of rights secured to Plaintiff, LAURISTON, under both the overtime and minimum wage provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

### **JURISDICTION**

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Broward County, Florida;

   b. Defendants CHICK N' TREATS were and continue to be Florida corporations doing business within the Southern District of Florida; and

   c. Upon information and belief, the individual Defendant is a resident of Broward County, Florida.

## CONDITIONS PRECEDENT

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5. At all times material hereto, LAURISTON did and continues to reside within the Southern District of Florida, and is in fact a resident of Broward County, Florida.

6. Defendants are two Florida corporations and an individual Florida resident, all of whom, at all times material, conducted substantial and continuous business in the Southern District of Florida, and are subject to the laws of the United States and of the State of Florida.

7. At all times material hereto, all of the Defendants each and collectively constituted an "employer" within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. At all times material hereto, LAURISTON was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants CHICK N' TREATS, were and continue to be corporations organized under the laws of the State of Florida.

10. At all times material hereto, Defendants were engaged in a restaurant business located at 10371 West Sample Road, Coral Springs, Florida 33065, within the Southern District of Florida.

11. At all times material hereto, the corporate Defendants were each and together an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the Fair Labor Standards Act.

12. During all times relevant to this action, LAURISTON was a non-exempt employee of Defendants who was subject to the payroll practices and procedures described herein and worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

13. At all times material hereto, Defendants CHICK N' TREATS were employer(s) authorized to do business and doing business in Florida, with a place of business in Broward County, Florida and at all times relevant each and together was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times material hereto, Defendants CHICK N' TREATS, regularly owned and operated a business engaged in commerce as defined in 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203 (s).

15. At all times material hereto, Plaintiff, LAURISTON was "engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendants CHICK N' TREATS, were and continue to be, enterprises "engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, annual gross revenue of Defendants CHICK N' TREATS was in excess of $500,000 per annum during the relevant time periods.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

19. At all times material hereto, the individual Defendant owned, operated, and controlled the corporate Defendants as well as how Plaintiff and others were compensated and is therefore an "employer" within the meaning of the FLSA.

20. This Complaint seeks to hold the Defendants liable for violations of wage and hour provisions of the Fair Labor Standards Act because at all times material to this Complaint, the Defendants failed to comply with 29 U.S.C. § 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay FLSA-mandated minimum wages and overtime wages.

## STATEMENT OF FACTS

21. Within the past three (3) years, Plaintiff worked for the Defendants as a non-exempt restaurant employee at Defendants' place of business and restaurant located at 10371 West Sample Road, Coral Springs, Florida 33065.

22. Defendants owned and operated the restaurant during the relevant period, and upon information and belief the restaurant closed in late 2016. Plaintiff's employment concluded on or about October 28, 2016.

23. In the course of his employment with Defendants, Plaintiff worked the number of hours required of him, but was not paid minimum wage or time and one-half for all hours and parts of hours worked in excess of forty (40) during a workweek.

24. Specifically, at all times relevant to this Complaint, Defendants deliberately implemented a policy whereby LAURISTON was to work on average twelve hours per day

for six days a week (roughly 72 hours per week) and received less than the minimum wage and did not receive overtime compensation.

25. During most or all oh his employment, Defendants paid LAURISTON only $420 per week.

26. Defendants were aware that Plaintiff was working in excess of forty (40) hours during a workweek.

27. Defendants' wrongful actions deprived Plaintiff of minimum and overtime wages.

28. LAURISTON has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay them a reasonable fee for their services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I

### VIOLATION OF 29 U.S.C. §207: FAILURE TO PAY FLSA-MANDATED OVERTIME COMPENSATION (Against All Defendants)

30. LAURISTON re-alleges and re-avers paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. LAURISTON, was entitled to be paid at the rate of time and one-half of his effective hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA.

32. Due to intentional, willful, and unlawful acts of Defendants, LAURISTON has suffered damages in lost compensation for the time he worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

33. LAURISTON is entitled to an award of his reasonable attorneys' fees and cost pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff LAURISTON respectfully request that a judgment be entered in his favor against Defendants:

    a.    Declaring that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation and an equal amount as liquidated damages;

    c.    Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    d.    Awarding Plaintiff post-judgment interest and;

    e.    Ordering any other relief that this Court deems just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. §206: FAILURE TO PAY FLSA-MANDATED MINIMUM WAGE
### (Against All Defendants)

34. LAURISTON re-alleges and re-avers paragraphs 1 through 29 as if fully set forth herein.

35. For one or more workweeks during PLAINTIFF's employment, Defendants failed to pay him the FLSA's mandated federal minimum wage in one or more workweeks.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for unpaid minimum wages, an equal amount in liquidated damages, the full wages owed to him, equitable relief, declaratory relief, post-judgment interest, costs of suit and reasonable attorney's fees, and such other and further relief as the Court may deem proper.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered in his favor against Defendants:

a. Declaring that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Awarding Plaintiff his owed minimum wage compensation and an equal amount as liquidated damages;

c. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff post-judgment interest and;

e. Ordering any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury for all counts so triable by right.

Dated: May 3, 2017  Respectfully submitted,
Boca Raton, Florida

BY: s/Dion J. Cassata
Dion J. Cassata
Fla. Bar No. 672564
*dion@cassatalaw.com*

CASSATA LAW, P.A.
Boca Crown Centre
7999 N. Federal Highway
Suite 200
Boca Raton, Florida 33487

Telephone: (954) 364-7803
Facsimile: (954) 251-4787

*Counsel for Plaintiff*