UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-cv-60870-Valle
Consent Case

MAURICE LAURISTON,
an individual,

    Plaintiff,

v.

CHICK N' TREATS OF CORAL SPRINGS,
INC., a Florida profit corporation,
D L – CHICK N' TREATS, INC., a Florida
profit corporation, and BONNIE LAU,
an individual,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move to have their FLSA settlement approved and to have this action dismissed with prejudice, and state as follows:

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay him alleged unpaid overtime and minimum wage compensation.

2. Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.  The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claim.

3. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or

compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor).  In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354.  Therefore, the Eleventh Circuit reasoned, when a party is represented by counsel it is likely there is a reasonable compromise and the agreement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

4. The parties request that the Court review and approve their settlement and they stipulate to the dismissal of this action with prejudice.  The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce the terms of the settlement agreement.  See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

5. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.  There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

6. Confidentiality is a material term of the parties' settlement agreement, and thus the parties are submitting a copy of their settlement agreement to the Court via e-mail for *in camera* review contemporaneous with the filing of this motion. The total amount of the settlement and the specific amounts to be received by Plaintiff and by Plaintiff's counsel for attorney's fees and costs are reflected in paragraph 6 of the settlement agreement. The amount paid for attorneys' fees and costs fully satisfies Plaintiff's obligations for those items.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Dated:   July 20, 2017                          Respectfully submitted,
         Boca Raton, FL


*s/ Dion J. Cassata*[1]                          *s/ Adam S. Chotiner*
Dion J. Cassata, Esq.                           Adam S. Chotiner, Esq.
Florida Bar No. 672564                          Florida Bar No. 0146315
Cassata Law, P.A.                               Shapiro, Blasi, Wasserman & Hermann, P.A.
7999 N. Federal Hwy., Suite 200                 7777 Glades Rd., Suite 400
Boca Raton, FL  33487                           Boca Raton, FL  33434
Tel:   (954) 364-7803                           Tel:   (561) 477-7800
Fax:   (954) 251-4787                           Fax:   (561) 477-7722
E-Mail:  dion@cassatalaw.com                    E-Mail: achotiner@sbwh.law
Counsel for Plaintiff                           Counsel for Defendants

---

[1] Plaintiff's counsel Dion J. Cassata has agreed to Adam S. Chotiner being responsible for the filing of this joint motion

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Maurice Lauriston v. Chick N' Treats of Coral Springs, Inc., et al.*
Case No. 0:17-cv-60870-BB (Bloom/Valle)
United States District Court, Southern District of Florida

| | |
|---|---|
| Dion J. Cassata, Esq.<br>E-Mail: dion@cassatalaw.com<br>Cassata Law, P.A.<br>Boca Crown Centre<br>7999 N. Federal Hwy., Suite 200<br>Boca Raton, FL  33487<br>Tel:    (954) 364-7803<br>Fax:   (954) 251-4787<br>Counsel for Plaintiff<br>*Via CM-ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman<br> & Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel:    (561) 477-7800<br>Fax:   (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |