UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CV-60870-VALLE

CONSENT CASE

MAURICE LAURISTON,
an individual,

    Plaintiff,

v.

CHICK N' TREATS OF CORAL
SPRINGS, INC., a Florida profit
corporation, *et al.*,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice (ECF No. 26) (the "Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 24, 25).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq.*; (ECF No. 7). Before this Court can dismiss this case and approve a settlement of the FLSA claims, the Court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely

duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the Court has reviewed the Settlement Agreement and Mutual General Release (the "Settlement Agreement"). In scrutinizing the Settlement Agreement, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court has also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff as wages and liquidated damages and the amount designated for attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, the Court has reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The parties' Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice (ECF No. 26) is **GRANTED**, the parties' Settlement Agreement is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2) The Court retains jurisdiction until October 30, 2017 to enforce the terms of the Settlement Agreement.

(3) The Clerk of Court is directed to **CLOSE** this case and to **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on July 25, 2017.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record